**Electronically Filed
Intermediate Court of Appeals
30482
22-JUN-2011
12:37 PM**

NO. 30482


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
BRYSON N. LALONDE, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(Case No. 1DTC-09-049902)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Bryson N. Lalonde (Lalonde) appeals from the April 5, 2010 Judgment entered by the District Court of the First Circuit, 'Ewa Division (district court),[1] convicting him of Excessive Speeding, in violation of Hawaii Revised Statutes (HRS) § 291C-105(a) and (c)(1) (2007 & Supp. 2010).

On appeal, Lalonde challenges the district court's (1) decision, insofar as it denied, in part, his motion to compel discovery and (2) verdict of guilt, based on the sufficiency of the evidence in support of his conviction.

Based on the issues raised and argued by the parties, the record and the relevant authority, we resolve Lalonde's appeal as follows.

1.  Lalonde argues that the district court erred to the extent that it did not order discovery of all of the items

---

[1]  The Honorable David W. Lo presided.

identified in his Motion to Compel:

(a)  HPD departmental policies and procedures for conducting speeding citations;

(b)  The HPD training manual for speeding citations;

(c)  The operation manual for the specific laser gun used in the case;

(d)  Any documentation related to the following:

  i.  The brand and model of the gun;

  ii.  The age of the gun;

  iii.  When the gun was purchased and first put into use by HPD;

  iv.  The period of warranty of the gun;

  v.  Where the gun is stored;

  vi.  How the gun is maintained;

  vii.  When the gun was last tested or calibrated;

  viii.  All certification documents;

  ix.  All police maintenance, servicing, repair and calibration records for any laser devise [sic] used in the instant case;

  x.  Laser readings;

  xi.  Laser unit test results for the officer(s) in the instant case;

  xii.  The laser gun training and qualification test results for the officer(s) in the instant case;

  xiii.  The firearm qualification test results for the officer using the laser for the one year prior and the one year after the date of Defendant's citation/arrest;

  xiv.  The fixed distance used to calibrate the subject laser unit and location where the calibration took place;

  xv.  The delta distance used to calibrate the subject laser unit and location where the calibration took place;

  xvi.  Any calibration reading;

  xvii.  Manufacturer's service representative's maintenance, service and calibration records for the laser in question;

2

xviii.  The laser gun manufacturer's established procedures for verifying and validating that the instrument was in proper working order;

xix.  Written verification that said manufacturer's established procedures were followed.

xx.  Written verification that the laser gun was in proper working order at the time the laser gun was used.

xxi.  Records of regular maintenance, servicing, upkeep, repair, modification and/or calibration of the laser gun performed by the manufacturer (or the manufacturer's duly trained and licensed representative) [.][2]

The district court ordered, *inter alia*, that Lalonde would be able to review and make one copy of certain pages of the "Marksman (trainee) manual" and the "LTI Ultralyte operator (user) manual."

A ruling limiting discovery is reviewed for an abuse of discretion. State v. Peseti, 101 Hawai'i 172, 178, 65 P.3d 119, 125 (2003). Hawai'i Rules of Penal Procedure (HRPP) Rules 16 and 16.1 generally limit discovery to felony cases but provide for "discretionary disclosure" in non-felony cases not involving violations upon a showing of materiality and resonableness of the request.

Lalonde argues on appeal that items (c), (d)(i) through (d)(x), and (d)(xvii) through (d)(xxi) as listed in his Motion to Compel (the Storage, Maintenance and Calibration documents) "were relevant to establish how long the particular laser gun had been in service and whether it had been properly maintained and serviced" and were "relevant to establish whether the laser gun had been stored, maintained, calibrated, and operated according

---

[2]  Lalonde also asked for, with respect to item xxi,

a year before and a year after the dates of any alleged offense(s), as well as official maintenance, repair, modification, servicing, and/or calibration manuals for the device in question prepared by and/or relied upon by the manufacturer (or the manufacturer's duly trained and licensed representative).

to procedures recommended by the gun's manufacturer."  However, beyond this conclusory statement, Lalonde does not provide any authority for his assertion that the manner in which the laser unit was stored, maintained, serviced or even calibrated prior to its use on the date in question was "material" to the accuracy of the laser unit's reading.[3]

Indeed, in State v. Ames, 71 Haw. 304, 313-15, 788 P.2d 1281, 1286-87 (1990), the Hawai'i Supreme Court held that the trial court exceeded its authority by ordering the State to disclose manufacturer's manuals, instructions, specifications pertaining to the components, precision limits, operation, calibration, and maintenance of the Intoxilyzer, and information pertaining to the qualification, training and certification of the operator.  The Storage, Maintenance and Calibration documents requested by Lalonde are similar in nature to the manuals, documents pertaining to maintenance, and the documents pertaining to the qualification and training of the Intoxilyzer operator in Ames and therefore are not subject to discovery in a non-felony case.

Lalonde also argues that items (a), (b), and (c) as listed in his Motion to Compel were material as they "were essential to challenge [Officer Franks's] claim that he was qualified to operate the laser gun and that he had been operating the gun on the date of the incident in accordance with manufacturer recommended procedures."  However, the district court did order disclosure of the "LTI Ultralyte operator (user) manual."  As Lalonde does not explain why this order did not satisfy this request, his argument is rejected.

_____

[3]  We note that Officer Jeremy Franks (Officer Franks) testified at trial that he performed the manufacturer's recommended tests on the laser unit both before and after he used the unit to measure Lalonde's speed and found the laser unit to be working properly.

4

Lalonde also argues that items (d)(xi) through (d)(xiii) and (d)(xix) as listed in his Motion to Compel--having to do with Officer Franks's training and qualification and "written verification" that the manufacturer's procedures were followed--were "necessary to challenge the sufficiency of [Officer Franks's] training and to establish whether he improperly operated the laser gun to measure Lalondes' [sic] speed." Again, consistent with Ames, items (d)(xi) through (d)(xiii) and (c)(xix) do not "tend[ ] to negate the guilt of the defendant," HRPP Rule 16(b)(1)(vii), and thus were not discoverable. To the contrary, armed with the manufacturer's manual, Lalonde was equipped to, and did, cross-examine Officer Franks at trial regarding his training and qualifications and whether the manufacturer's procedures were followed in the instant case.

The district court did not abuse its discretion in granting Lalonde's Motion to Compel only in part.

2. Relying on State v. Assaye, 121 Hawai'i 204, 216 P.3d 1227 (2009), Lalonde argues that there was insufficient evidence for his conviction. He maintains the evidence presented at trial was insufficient to establish that the laser unit used to measure his speed was tested according to manufacturer-recommended procedures and was determined to be functioning properly and that the officer using the laser unit was qualified by training and experience to operate the device. These are the only bases for his challenge to the sufficiency of the evidence in support of his conviction.

In Assaye, the court held that the prosecution must prove "whether the officer is qualified by training and experience to operate the particular laser gun; namely whether the nature and extent of an officer's training in the operation of a laser gun meets the requirements indicated by the manufacturer." Assaye, 121 Hawai'i at 215; 216 P.3d at 1238.

Here, Officer Franks testified that (1) he was trained in the use of the laser unit at issue approximately six years before this citation and this was the ninth citation he issued on the day of Lalonde's offense; during that training he was given a manual copyrighted by the manufacturer of the laser unit; (2) he reviewed the manual at the time of the training; and (3) his training was "in conformance with the manual." Moreover, Officer Franks testified that, albeit after the speeding citation in this case, he had reviewed the instructor's manual issued by the laser unit's manufacturer and at the time of trial, was an instructor. On this record, the foundation for Officer Franks's qualifications to operate the laser unit was sufficient.

The Assaye court also required that, to overcome an objection to the foundation for the laser unit's calibration, i.e. accuracy, evidence of the manufacturer's accepted procedures for testing of the laser unit to ensure proper operation and that the laser unit was tested in accordance with such procedures, must be presented. Assaye, 121 Hawai'i at 213-14, 216 P.3d at 1236-37.

In the instant case, Officer Franks testified that the laser unit's manual "include[s] methods to determine whether [the] laser unit is working correctly"; pursuant to the manual, the operator conducts four tests, the self-test, display test, scope alignment test, and the delta distance velocity test/calibration test; that if the laser unit fails any of the tests, it is turned in for servicing; he conducts all four tests both before and after his tour of duty and the scope alignment test before and after each citation issued; and that on the day in question, the laser unit passed all tests.

Based on the testimony regarding Officer Frank's training and experience and of his operation of the laser unit, we conclude the district court did not err in admitting the laser

6

unit's reading and in finding Lalonde guilty of excessive speeding.

Based on the foregoing, the April 5, 2010 Judgment entered by the District Court of the First Circuit, 'Ewa Division is affirmed.

DATED:  Honolulu, Hawai'i, June 22, 2011.

On the briefs:

Kainani C. Collins,
Deputy Public Defender,
for Defendant-Appellant.

Chief Judge

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge